# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY GILL,<br><br>        **Plaintiff**,<br>  v.<br><br>DAVID SIMPSON, JASON CHRISCO, CLAYTON LOGOMASINI, GLOBAL SERVICES, INC., a Missouri corporation, NARVISS, LLC, a Missouri limited liability company d/b/a Naviss Direct, and DOES 1 through 80, inclusive,<br><br>        **Defendants.** | 1:12-CV-1011  AWI GSA<br><br>ORDER VACATING AUGUST 29, 2012 ORDER<br><br>(Doc. Nos. 25, 28) |

    On August 21, 2012, Plaintiff filed a motion to dismiss Defendant Clayton Logomasini pursuant to Rule 41(a)(2).  See Doc. No. 25.  On August 28, 2012, the Court signed an order dismissing Logomasini.  See Doc. No. 28.  That order dismissed Logomasini pursuant to Rule 41(a)(1)(A)(ii), but that order was inadvertently signed because there was not in fact a stipulation signed by the parties.  Therefore, the Court will vacate the August 29, 2012, order.

    Nevertheless, at the time Plaintiff filed the motion to dismiss Logomasini, no answers or motions for summary judgment had been filed.  Instead of a Rule 41(a)(2) motion, the Court will construe Plaintiff's motion for dismissal as brought under Rule 41(a)(1)(A)(i).

    Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants . . . through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

Again, no answers to Plaintiff's complaint and no motions for summary judgment have been filed in this case and it appears that no such answers or summary judgment motions have been served. Because Plaintiff has exercised his right to voluntarily dismiss his complaint under Rule 41(a)(1) as against Defendant Logomasini only, Logomasini is no longer a party to this case. See Wilson, 111 F.3d at 692. The Court will dismiss Logomasini pursuant to Rule 41(a)(1)(A)(i).

Accordingly, IT IS HEREBY ORDERED that:

1. The August 29, 2012, order (Doc. No. 28) is VACATED;

2. Plaintiff's motion to dismiss (Doc. No. 25) is GRANTED as a Rule 41(a)(1) dismissal; and

3. Defendant Clayton Logomasini is dismissed from this case without prejudice.

IT IS SO ORDERED.

Dated: _____August 29, 2012_____    _____
                                    CHIEF UNITED STATES DISTRICT JUDGE